William M. Audet (CA 117456)
Joshua C. Ezrin (CA 220157)
Adel A. Nadji (CA 232599)
ALEXANDER, HAWES & AUDET, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.982.1776
Facsimile: 415.576.1776

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

DERONDA APPLEMAN, SHARON AUDIT, ARNESTA BARNETT, VICKI BETZ, WAYNE BOYLES, LUWANNA DEAN, SANDRA FAIRCHILD, SHARON FIELDS, CHARLES HIBBARD, LAMONT JOHNSON, THOMAS KEARNEY, Jr., EDWARD KUZMA, Jr., LARRY LAWSON, MONICA McCLOUD, PAUL MOHR, TONYA RICTOROS, RICHARD SPHON, LISA VICK, DEBORAH WILKINS

Plaintiffs,

vs.

ELI LILLY AND COMPANY,

Defendant.

CASE NO:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs allege as follows:

**NATURE OF THE CASE**

1. This action asserts claims arising from injuries and damages sustained as a result of Plaintiffs' use of the prescription drug Zyprexa.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000, and Plaintiffs are citizens of a State which is different from the State where Defendant Eli Lilly and Company is incorporated and has its principal place of business. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### Plaintiffs

3. Plaintiff Deronda Appleman is a resident of Clarion, Pennsylvania. Ms. Appleman developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Appleman first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

4. Plaintiff Sharon Audit is a resident of Homer, Michigan. Ms. Audit developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Audit first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

5. Plaintiff Arnesta Barnett is a resident of Baltimore, Maryland. Ms. Barnett developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Barnett first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

6. Plaintiff Vicki Betz is a resident of Centralia, Washington. Ms. Betz developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Betz first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

7. Plaintiff Wayne Boyles is a resident of Rural Valley, Pennsylvania. Mr. Boyles developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Boyles first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

8. Plaintiff Luwanna Dean is a resident of Pittsburgh, Pennsylvania. Ms. Dean

developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Dean first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

9. Plaintiff Sandra Fairchild is a resident of Mansfield, Ohio. Ms. Fairchild developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Fairchild first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

10. Plaintiff Sharon Fields is a resident of Pittsburgh, Pennsylvania. Ms. Fields developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Fields first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

11. Plaintiff Charles Hibbard is a resident of Rochester, Minnesota. Mr. Hibbard developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Hibbard first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

12. Plaintiff Lamont Johnson is a resident of Pittsburgh, Pennsylvania. Mr. Johnson developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Johnson first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

13. Plaintiff Thomas Kearney, Jr. is a resident of Curtisville, Pennsylvania. Mr. Kearney developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Kearney first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

14. Plaintiff Edward Kuzma, Jr. is a resident of Pittsburgh, Pennsylvania. Mr. Kuzma developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Kuzma first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

15. Plaintiff Larry Lawson is a resident of Detroit, Michigan. Mr. Lawson developed

diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Lawson first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

16. Plaintiff Monica McCloud is a resident of Fort Lauderdale, Florida. Ms. McCloud developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. McCloud first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

17. Plaintiff Paul Mohr is a resident of Aliquippa, Pennsylvania. Mr. Mohr developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Mohr first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

18. Plaintiff Tonya Rictoros is a resident of New Castle, Pennsylvania. Ms. Rictoros developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Rictoros first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

19. Plaintiff Richard Sphon is a resident of Greensburg, Pennsylvania. Mr. Sphon developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Mr. Sphon first learned of a possible connection between Zyprexa and his injuries within one year of the filing of this complaint.

20. Plaintiff Lisa Vick is a resident of Grand Prairie, Texas. Ms. Vick developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Vick first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

21. Plaintiff Deborah Wilkins is a resident of Bedford, Pennsylvania. Ms. Wilkins developed diabetes and related injuries as a result of ingesting the defective drug Zyprexa. Ms. Wilkins first learned of a possible connection between Zyprexa and her injuries within one year of the filing of this complaint.

**Defendant**

22. At all times herein mentioned, Defendant Eli Lilly and Company ("Eli Lilly") was and is a corporation existing under the laws of incorporation of the State of Indiana, with its principal place of business in Indianapolis, Indiana, doing business in the State of California. At all times herein mentioned, Defendant designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold a certain pharmaceutical drug herein referred to as Zyprexa (also known as Olanzapine).

**FACTUAL ALLEGATIONS**

23. Zyprexa is among a group of drugs referred to as "atypical antipsychotic drugs," and is commonly prescribed for the treatment of schizophrenia and bipolar mania.

24. At all times herein mentioned, Eli Lilly did manufacture, create, design, test, label, sterilize, package, distribute, supply, market, sell, advertise, warn and otherwise distributed Zyprexa.

25. Zyprexa has been widely advertised by Eli Lilly as an effective treatment for bipolar disorder and schizophrenia, with fewer adverse side effects than other treatments. Eli Lilly further induced physicians to prescribe Zyprexa for treating disorders that the FDA had not approved.

26. Eli Lilly, beginning in 1996, aggressively marketed and sold Zyprexa by falsely misleading potential users about the products and by failing to protect users from serious dangers which Eli Lilly knew or should have known, to result from use of Zyprexa.

27. Eli Lilly widely and successfully marketed Zyprexa in the United States, and in the State of California. Eli Lilly undertook advertising campaigns promoting the virtues of Zyprexa in order to induce widespread use of the product.

28. The advertising, by affirmation, misrepresentation or omission, falsely and fraudulently sought to create the image and impression that the use of Zyprexa was safe for human use, and had fewer side effects and adverse reactions than other methods of treatment for bipolar disorder and schizophrenia.

29. Eli Lilly purposefully minimized and understated health hazards and risks associated with Zyprexa. Eli Lilly, through promotional literature, deceived potential users of

Zyprexa and their physicians by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Eli Lilly, falsely and fraudulently withheld relevant information from potential users of Zyprexa.

30. Plaintiffs are informed and believe and thereon allege that total profits from the sale of Zyprexa exceed hundreds of millions of dollars.

31. At least as early as 1998, the medical literature conclusively revealed data which linked Zyprexa with causing diabetes. An indicative report was published on October 15, 1998 in the Society of Biological Psychiatry, Volume 44, Number 8, pages 778-83, titled "Novel Antipsychotics and New Onset Diabetes." Other numerous reports and studies are prevalent throughout the medical literature from 1998 through the present which detail a causal link between the ingestion of Zyprexa and the development of hyperglycemia, diabetes and ketoacidosis, as well as many other undisclosed risks. On July 1, 2002, Duke University Medical Center issued a Press Release about the recent finding that linked Zyprexa to early onset diabetes. The researchers identified 289 cases of diabetes in patients who have been prescribed Zyprexa. These findings were published on July 2, 2002, in the medical journal Pharmacotherapy, Vol. 22, No. 7, pages 841-52. The known danger that Eli Lilly's product Zyprexa was causing hyperglycemia and diabetes was never adequately indicated by Eli Lilly to Plaintiffs' physicians who prescribed the product to Plaintiffs. Plaintiffs were therefore ignorant of the defective nature of said product prior to ingesting Zyprexa.

32. The physicians who prescribed Zyprexa to Plaintiffs relied on the representations made to them by Eli Lilly prior to the date of prescribing Zyprexa for their use. The physicians relied on the representations regarding the safety of Zyprexa, and would not have recommended for use or prescribed Zyprexa if they had known the true facts regarding the safety of Zyprexa.

33. Prior to the date the aforesaid product was prescribed to Plaintiffs, Eli Lilly knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public for the aforesaid purpose. The dangers of this product included, by way of example, the likelihood of developing hyperglycemia, diabetes or ketoacidosis and other injuries.

Eli Lilly failed to take appropriate action to cure the nature of these defects or to appropriately warn Plaintiffs and their physicians of such dangerous characteristics.

34. Eli Lilly thereby acted with malice towards Plaintiffs, who accordingly request that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing Eli Lilly for their conduct, in an amount sufficiently large to be an example to others and to deter Eli Lilly and others from engaging in similar conduct in the future. The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Eli Lilly.

35. As a direct and proximate result of Defendant's negligence as further described herein, Plaintiffs sustained a profound physical injury and economic loss in an amount as yet unascertained.

36. Had Plaintiffs known the risks and dangers associated with Zyprexa, or had Defendant disclosed such information to Plaintiffs and their physicians, Plaintiffs would not have taken Defendant's product Zyprexa and would not have suffered the above-referenced Zyprexa-related injuries.

**FIRST CAUSE OF ACTION**

**[Strict Product Liability]**

**[Failure to Warn]**

37. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

38. Defendant is the manufacturer and/or supplier of the pharmaceutical drug Zyprexa.

39. The pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was unaccompanied by proper warnings regarding all possible adverse side effects and/or the comparative severity and duration of such adverse effects; the warnings given did not accurately reflect the symptoms, scope or severity of the side effects.

40. Defendant failed to perform adequate testing in that adequate testing would have shown that the pharmaceutical drug Zyprexa possessed serious potential side effects with respect

to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

41. The pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was defective due to inadequate post-marketing warning or instruction because, after the manufacturer knew, or should have known, of the risk of injury from Zyprexa, it failed to provide adequate warnings to users or consumers of the product and continued to aggressively promote the product.

42. As the proximate cause and legal result of the defective condition of Zyprexa as manufactured and/or supplied by Defendant, and as a direct and legal result of the negligence, carelessness, other wrongdoing and action(s) of Defendant described here:

a. Plaintiffs have been injured in health, strength and activity and suffered injuries to body and mind, the exact nature and extent of which are not known at this time; and

b. Plaintiffs have sustained economic loss, including loss of earnings and diminution or loss of earning capacity, the exact amount of which is presently unknown.

## SECOND CAUSE OF ACTION

**[Strict Product Liability]**

**[Pursuant to Restatement Second of Torts § 402A (1965)]**

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

44. Defendant is the manufacturer and/or supplier of the pharmaceutical drug Zyprexa.

45. The pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was defective in design or formulation in that, when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

46. Alternatively, the pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was defective in design or formulation, in that, when it left the hands of the manufacturer and/or suppliers, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect and more dangerous than other forms of treatment for bipolar

mania and schizophrenia.

47. The pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was defective due to inadequate warning or instruction because the manufacturer knew, or should have known, that the product created a risk of harm to consumers and Defendant failed to adequately warn of said risks.

48. The pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was defective due to inadequate warning and/or inadequate testing.

49. The pharmaceutical drug Zyprexa manufactured and/or supplied by Defendant was defective due to post-marketing warning or instruction because, after the manufacturer knew, or should have known, of the risk of injury from Zyprexa, it failed to provide adequate warning to users or consumers of the product and continued to promote the product.

50. As the producing cause and legal result of the defective condition of the pharmaceutical drug Zyprexa as manufactured and/or supplied by Defendant, and as a direct and legal result of the negligence, carelessness, other wrongdoing and action(s) of Defendant described herein:

a. Plaintiffs have been injured in health, strength and activity and suffered injuries to body and mind, the exact nature and extent of which are not known at this time; and

b. Plaintiffs have sustained economic loss, including loss of earnings and diminution or loss of earning capacity, the exact amount of which is presently unknown.

## THIRD CAUSE OF ACTION

**[Negligence]**

51. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

52. Defendant had a duty to exercise reasonable care in the manufacture, sale and/or distribution of the pharmaceutical drug Zyprexa into the stream of commerce, including a duty to assure that the product did not cause users to suffer from unreasonable, dangerous side effects. Defendant failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control, and/or distribution of the pharmaceutical drug Zyprexa into interstate commerce

in that Defendant knew, or should have known, that the product Zyprexa created a high risk of unreasonable, dangerous side effects.

53. Defendant was negligent in the designing, manufacture, testing, advertising, warning, marketing and sale of the pharmaceutical drug Zyprexa.

54. Despite the fact that Defendant knew, or should have known, that the pharmaceutical drug Zyprexa caused unreasonable, dangerous side effects, Defendant continued to market Zyprexa to consumers including Plaintiffs.

55. Defendant knew, or should have known, that consumers such as Plaintiff would foreseeably suffer injury as a result of Defendant's failure to exercise ordinary care as described above.

56. Defendant's negligence was a proximate cause of Plaintiffs' injuries, harm and economic loss, which they suffered and will continue to suffer as previously described.

## FOURTH CAUSE OF ACTION

**[Breach of Express Warranty]**

57. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

58. Defendant expressly warranted that the pharmaceutical drug Zyprexa was safe, effective for its intended use and well tolerated by patients studied.

59. The pharmaceutical drug Zyprexa did not conform to these express representations because Zyprexa is not safe and causes serious side effects, including life threatening side effects.

60. As a direct and proximate result of the breach of said warranties, Plaintiffs suffered and will continue to suffer injury, harm and economic loss as alleged herein.

## FIFTH CAUSE OF ACTION

**[Breach of Implied Warranty]**

61. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

62. At all times mentioned herein, Defendant manufactured and/or supplied the

pharmaceutical drug Zyprexa, and prior to the time it was ingested by Plaintiffs, Defendant impliedly warranted to Plaintiffs, and to their agents, that the product was of merchantable quality and safe for the use for which it was intended.

63. Plaintiffs and their agents relied on the skills and judgment of Defendant in using the aforesaid product.

64. The product was unsafe for its intended use, and it was not of merchantable quality, as warranted by Defendant in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user. The aforesaid product was not accompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution. The aforesaid product did cause Plaintiffs to sustain damages and injuries as is herein alleged.

65. As a direct and proximate result of the breach of said warranties, Plaintiffs suffered and will continue to suffer injury, harm and economic loss as alleged herein.

## SIXTH CAUSE OF ACTION

**[Fraudulent Concealment]**

66. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

67. At all times mentioned herein, Defendant had the duty and obligation to disclose to Plaintiffs and their physicians the true facts concerning Zyprexa; that is, that said product was dangerous, defective, and likely to cause serious consequences to users, including injuries as herein occurred, and how unnecessary it was to use said product for the purposes indicated. Defendant made the affirmative representations as set forth above to Plaintiffs and their physicians and the general public prior to the dates Plaintiffs ingested Zyprexa, while concealing the following material facts.

68. At all times mentioned herein, Defendant had the duty and obligation to disclose to Plaintiffs and their physicians the true facts concerning Zyprexa; that is, that said product could cause injuries including but not limited to diabetes, diabetic comas, pancreatitis and hyperglycemia.

69. At all times herein mentioned, Defendant intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiffs and their physicians with the intent to defraud as herein alleged.

70. At all times herein mentioned, neither Plaintiffs nor their physicians were aware of the facts set forth above, and, had they been aware of said facts, they would not have acted as they did, that is, they would not have utilized the product.

71. As a result of the concealment or suppression of the facts set forth above, Plaintiffs sustained injuries and damages as hereinafter set forth.

72. In doing the actions herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiffs are therefore entitled to punitive damages in an amount reasonably related to Plaintiffs' actual damages and to Defendant's wealth and sufficiently large to be an example to others and to deter Defendant and others from engaging in similar conduct in the future.

73. That at all times herein mentioned, Defendant intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiffs' physicians and therefore from Plaintiffs, with the intent to defraud Plaintiffs as herein alleged.

74. At all times here mentioned, neither Plaintiffs nor their physicians were aware of the facts set forth above, and, had they been aware of said facts, Plaintiffs would not have acted as they did, that is, Plaintiffs would not have ingested Defendant's drug Zyprexa.

75. As a result of the concealment or suppression of the facts set forth above, Plaintiffs suffered injuries and damages as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages in a sum in excess of the jurisdictional minimum of this Court;

2. Medical, incidental, hospital, and service expenses according to proof;

3. Loss of earning and earning capacity;

4. Medical monitoring according to proof;

5. Prejudgment and post judgment interest as provided by law;

6. Full refund of all purchase costs for Defendant's product Zyprexa;

7. Compensatory damages in excess of the jurisdictional minimum of the Court, according to proof;

8. Consequential damages in excess of the jurisdictional minimum of the Court, according to proof;

9. Punitive and exemplary damages;

10. Attorneys' fees, expenses, and costs of this action; and

11. Such further relief as this Court deems necessary, just, and proper.

Dated: February 24, 2006

ALEXANDER, HAWES & AUDET, LLP

Adel A. Nadji, Esq.

William M. Audet, Esq.
Joshua C. Ezrin, Esq.
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.982.1776
Facsimile: 415.576.1776

Jesse Ferrer, Esq.
Ferrer, Poirot & Wansbrough
2603 Oak Lawn, Suite 300
Dallas, TX 75219-9109
Telephone: 214.521.4412
Facsimile: 214.522.3804

*Attorneys for Plaintiffs*